# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RIGO, on behalf of himself and all others similarly situated, doing business as ALTERED AIR,<br><br>Plaintiff,<br><br>vs.<br><br>KASON INDUSTRIES, INC, et al,<br><br>Defendants. | CASE NO. 11cv64-MMA (POR)<br><br>**ORDER DENYING IN PART & GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Doc. Nos. 30 & 32] |

This purported class action alleging violations of federal and state antitrust laws is before the Court on Defendants Kason Industries, Inc., Peter Katz, and Component Hardware Group, Inc.'s motions to dismiss Plaintiff John Rigo *doing business as* Altered Air's First Amended Complaint.[1] [Doc. Nos. 30 & 32.] On July 8, 2011, the Court issued a tentative ruling granting in part and denying in part Defendants' motions. [Doc. No. 40.] On July 11, 2011, the Court held a hearing on the motions.

Having reviewed the submissions of the parties and considered the arguments of counsel, the Court **AFFIRMS IN PART** its tentative ruling for reasons stated on the record during the hearing, and in accordance therewith:

---

[1] Defendant Thomas Carr joined co-Defendant Component Hardware Group, Inc.'s motion. [Doc. No. 31.]

1    The Court **GRANTS IN PART** All Defendants' motions and **DISMISSES** without
2 prejudice Plaintiff's fourth cause of action for common counts, assumpsit, unjust enrichment, and
3 quasi-contract, pursuant to Federal Rule of Civil Procedure 12(b)(6), as to all defendants. The Court
4 grants Plaintiff leave to amend this claim. If Plaintiff chooses to do so, he must file a Second
5 Amended Complaint no later than thirty (30) days from the filing of this Order.

6    The Court **DENIES IN PART** Corporate Defendants Kason Industries, Inc. and Component
7 Hardware Group, Inc.'s motions and declines to dismiss Plaintiff's first cause of action for
8 injunctive relief under Section 16 of the Clayton Act for alleged violations of the Sherman Act, 15
9 U.S.C. § 1, as well as Plaintiff's second and third causes of action, brought pursuant to the
10 Cartwright Act, Cal. Bus. & Prof. Code § 16720, and California's Unfair Competition Law, Cal.
11 Bus. & Prof. Code § 17200, as to these corporate defendants.

12    The Court **DENIES IN PART** Individual Defendants Thomas Carr and Peter Katz's motions
13 and declines to dismiss Plaintiff's second and third causes of action, brought pursuant to the
14 Cartwright Act, Cal. Bus. & Prof. § 16720 and California's Unfair Competition Law, Cal. Bus. &
15 prof. Code § 17200, as to these individual defendants.

16                                         \* \* \*

17    Upon further review of the applicable case law and the submissions of the parties, the Court
18 **DECLINES** to affirm the remainder of its tentative ruling, and accordingly, for the following
19 reasons, the Court **GRANTS IN PART** Individual Defendants Thomas Carr and Peter Katz's
20 motions and **DISMISSES** with prejudice Plaintiff's first cause of action for injunctive relief under
21 Section 16 of the Clayton Act for alleged violations of the Sherman Act, 15 U.S.C. § 1, as to these
22 individual defendants, pursuant to Article III of the United States Constitution.

23    Federal courts may entertain only "cases or controversies," which the Supreme Court has
24 interpreted to prohibit the granting of injunctive relief against conduct that previously ceased. *See*
25 *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 240-41 (1937). However, a court may
26 review a claim, even if the allegedly violating conduct has ceased prior to review, if there is a
27 "reasonable expectation that the wrong will be repeated." *United States v. W.T. Grant Co.*, 345 U.S.
28 629, 633 (1953), quoting *United States v. Aluminium Co. of Am.*, 148 F.2d 416, 448 (2d Cir.1945).

1  This exception is usually applied where the alleged violator voluntarily ceases the offending conduct
2  prior to, or upon the filing of, a lawsuit, in order to avoid the lawsuit, yet the violator is free to repeat
3  the conduct in the future if the court dismisses the lawsuit as moot. *See, e.g., W.T. Grant Co.*, 345
4  U.S. at 632 n. 5, citing *United States v. Or. State Med. Society*, 343 U.S. 326, 333 (1952).

5      Here, the individual defendants are not "free to repeat" their prior unlawful conduct at some
6  point in the future.  According to the First Amended Complaint, Defendant Katz is no longer
7  employed by Defendant Kason, effective May 29, 2009.  *FAC* ¶ 18.  Defendant Carr is no longer
8  employed by Defendant Component Hardware Group, effective February 9, 2009.  *Id.* ¶ 20.  To the
9  extent Plaintiff seeks to enjoin these individuals from continuing their past anti-competitive actions
10 in the Food Service Equipment Component Hardware market, the request for relief is moot.
11 Defendants Carr and Katz are incapable of repeating the anti-competitive actions alleged herein.  It
12 is "the facts alleged" which determine the existence of a justiciable controversy.  *Golden v.*
13 *Zwickler*, 394 U.S. 103, 108 (1969).  Thus, in light of the facts pled in the First Amended Complaint,
14 there no longer exists "some cognizable danger of recurrent violation," *W.T. Grant Co.*, 345 U.S. at
15 633, as to Individual Defendants Carr and Katz, and Plaintiff's first cause of action for injunctive
16 relief under Section 16 of the Clayton Act for alleged violations of the Sherman Act, 15 U.S.C. § 1,
17 as to these individual defendants, is subject to dismissal with prejudice.

18     **IT IS SO ORDERED**.

19 DATED: July 19, 2011

20                                       */s/ Michael M. Anello*
21                                     Hon. Michael M. Anello
                                    United States District Judge