THE CONSUMER LAW GROUP OF CALIFORNIA
Alan M. Mansfield (SBN 125998)
alan@clgca.com
10200 Willow Creek Road, Suite 160
San Diego, CA 92131
Tel: (619) 308-5034
Fax: (888) 341-5048

EMERSON POYNTER LLP
Scott E. Poynter (AR 90077)
scott@emersonpoynter.com
Christopher D. Jennings (AR 2006306)
cjennings@emersonpoynter.com
William T. Crowder (AR 2003138)
wcrowder@emersonpoynter.com
The Museum Center
500 President Clinton Ave., Ste. 305
Little Rock, Arkansas 72201
Telephone: 501-907-2555
Facsimile: 501-907-2556

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN RIGO D/B/A as ALTERED AIR, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KASON INDUSTRIES, INC.; PETER A. KATZ; COMPONENT HARDWARE GROUP, INC.; THOMAS CARR; and DOES 1-10,<br><br>Defendants. | CASE NO. 3:11-CV-00064-MMA (DHBx)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND CLASS NOTICE PROGRAM**<br><br>Hearing Date:  September 24, 2012<br>Time:            2:30 p.m.<br>Courtroom:    5<br>Judge:           Hon. Michael M. Anello<br><br>Complaint Filed:  January 12, 2011 |

# TABLE OF CONTENTS

**PAGE**

I. STANDARDS FOR PRELIMINARY APPROVAL .................................................................1

II. DESCRIPTION OF SETTLEMENT ...................................................................................3

III. CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES AND THE FORM OF CLASS NOTICE IS APPROPRIATE ............................................5

    A. The Form of Class Notice is Appropriate ...................................................................6

    B. Dates for the Preliminary Approval Order ..................................................................8

IV. CONCLUSION....................................................................................................................9

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Gautreaux v. Pierce*, 690 F.2d 616 (7th Cir. 1982) ...................................................................1

*Grunin v. Int'l House of Pancakes*, 513 F.2d 114 (8th Cir. 1975)......................................................8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ................................................................6

*In re American Honda Motor Co.*, 2009 U.S. Dist. LEXIS 41536
        (C.D. Cal. Apr. 17, 2009) ...................................................................................................1

*In re BankAmerica Corp. Securities Litigation*, 210 F.R.D. 694 (E.D. Mo. 2002).........................8

*In re Cardizem Antitrust Lit.*, 218 F.R.D. 508 (E.D. Mich. 2003)....................................................5

*In re Corrugated Container Antitrust Litig.*, 643 F.2d 195 (5th Cir. 1981) .....................................1

*In re First Data Bank*, 205 F.R.D. 408 (D.D.C. 2002) ....................................................................5

*In re Food Service Direct Purchaser Litigation*, Case No. 1:10-cv-01849-WSD
        (N.D. Ga., Order dated Dec. 28, 2011) ..............................................................................4

*In re: M.L. Stern Overtime Litigation*, 2009 U.S. Dist. LEXIS 31650
        (S.D. Cal. 2009) ..................................................................................................................1

*In re Plastic Additives Antitrust Litigation*, Case No. 2:05-md-01684-LOD (E.D.
        Pa. Dec. 21, 2011).............................................................................................................5

*In re Salomon Inc. Sec. Litig.*, 1994 U.S. Dist. LEXIS 8038 (S.D.N.Y.
        June 15, 1994).....................................................................................................................3

*In re Tableware Antitrust Lit.*, 484 F.Supp.2d 1078 (N.D. Cal. 2007)............................................2

*In re Vitamins Antitrust Litig.*, 2001 U.S. Dist. LEXIS 25067 (D.D.C. 2001)...............................5

*In re Warfarin Sodium Antitrust Lit.*, 212 F.R.D. 231 (D. Del. 2002) ............................................5

*Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426 (5th Cir. 1977) ................................................8

*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950)............................................8

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982),
        *cert. den.*, 459 U.S. 1217 (1983)........................................................................................1

*Torrisi v. Tuscon Electric Power Co.*, 8 F.3d 1370 (9th Cir. 1993) .............................................6, 8

*Vasquez v. Coast Valley Roofing, Inc.*, 670 F.Supp.2d 1114 (E.D. Cal. 2009) ...............................2

**TABLE OF AUTHORITIES (Cont'd)**

**Page**

**STATE CASES**

*In re Vitamins Cases*, 107 Cal.App.4th 820 (2003) ..........................................................................5

**STATUTES AND RULES**

Federal Rules of Civil Procedure

    Rule 23 ..................................................................................................................................6
    Rule 23(c)(2) ..........................................................................................................................8
    Rule 23(e) ..........................................................................................................................1, 2
    Rule 23(e)(2) ........................................................................................................................1

United States Code, Title 15

    Section 4 ...............................................................................................................................5

United States Code, Title 28

    Section 1715..........................................................................................................................8

**OTHER**

A. Conte & H.B. Newberg, *Newberg on Class Actions* (4th ed. 2002)

    Section 11.25........................................................................................................................2

Federal Judicial Center, *Manual for Complex Litigation* ("MCL 4th"),
    (4th ed. 2004)

    Section 13.14........................................................................................................................1
    Section 21.311......................................................................................................................8
    Section 21.312......................................................................................................................2
    Section 21.632......................................................................................................................1
    Section 21.632-633 ..............................................................................................................2

# I.

## **STANDARDS FOR PRELIMINARY APPROVAL**

Rule 23(e) requires court approval for any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class. Fed. R. Civ. P. 23(e). The court must hold a hearing and approve a settlement if it finds that "the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Review of a proposed settlement generally proceeds in two stages – a hearing on preliminary approval followed by a final fairness hearing. *In Re: M.L. Stern Overtime Litigation*, 2009 U.S. Dist. LEXIS 31650, * 8-9 (S.D. Cal. 2009).

At the preliminary approval stage, a court determines whether a proposed settlement is "within the range of possible approval" such that there is any reason that notice thereof should be provided to Class members. *Id.; see also In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 205 (5th Cir. 1981); *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982) (stating that the purpose of a preliminary approval hearing is "to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing").

First, the Court reviews the settlement preliminarily to determine whether it is sufficient to warrant public notice and a hearing. Federal Judicial Center, *Manual for Complex Litigation* ("MCL 4th"), §13.14 at 173; §21.632 at 320-21 (4th ed. 2004). This initial assessment is generally made on the basis of information already known to the Court based on familiarity with the case and its discussion with the parties that, if necessary, may be supplemented by briefs, motions, or an informal presentation from the settling parties.

Preliminary approval permits notice to be given to the Class members of the settlement terms and setting a schedule and a hearing on final settlement approval, at which Class members and the settling parties may be heard regarding whether the Court should enter an order finally approving the settlement. *In re American Honda Motor Co.*, 2009 U.S. Dist. LEXIS 41536, * 2 (C.D. Cal. Apr. 17, 2009).

Settlements of class actions are favored by the courts. *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied,* 459 U.S. 1217 (1983) ("voluntary conciliation and settlement are the preferred means of dispute resolution."). In determining

1  whether preliminary approval is warranted, the issue for the Court in ruling upon this Motion is
2  whether the proposed settlement is within the range of what might in a broad sense be found to
3  be fair, reasonable, and adequate such that notice of the proposed settlement should be given and
4  a more detailed presentation and a hearing scheduled to consider final settlement approval.  The
5  MCL 4th defines the Court's duty in this regard as follows:

> The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing. . . .
>
> * * *
>
> Once the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members.

MCL 4th, §21.632-633 at 321; *see also Vasquez v. Coast Valley Roofing, Inc.*, 670 F.Supp.2d 1114, 1124-26 (E.D. Cal. 2009) (detailing and applying preliminary approval standards based on MCL 4th).

Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to segments of the class and falls within the range of possible approval, preliminary approval is appropriate. *In re Tableware Antitrust Lit.,* 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007).  The Court should then direct notice be given to the Class members pursuant to Fed. R. Civ. P. 23(e) to solicit their views on the settlement.  MCL 4th, §21.312 at 294.

There is an initial presumption that a proposed settlement is fair and reasonable when it is the result of arms'-length negotiations.  *See* A. Conte & H.B. Newberg, *Newberg on Class Actions* §11.25 (4th ed. 2002).  The settlement here is non-collusive, and was entered into after extensive negotiations, motion practice, discovery and the disclosure of significant factual information by Defendants.  Declaration of William T. Crowder in Support of Motion for Preliminary Approval of Settlement ("Crowder Decl."), ¶¶4-5.

/ / /

1  Counsel, who are experienced in class action litigation and familiar with the factual and legal issues raised by this litigation, engaged in substantial negotiations over the Settlement Agreement before agreeing to the final settlement terms, and considered numerous relevant factors in agreeing to this settlement.  *Id.* at ¶¶5, 7-9.  Courts recognize that the opinions of experienced and informed counsel supporting a settlement are entitled to considerable weight in granting such approval.  *In re Salomon Inc. Sec. Litig.,* 1994 U.S. Dist. LEXIS 8038, *42 (S.D.N.Y. June 15, 1994).

## II.

## **DESCRIPTION OF SETTLEMENT**

As detailed in both the Settlement Agreement and in the proposed class notices submitted as Exs. B, C and F to the Settlement Agreement, under the terms of the settlement, if consumers fall within the definition of the Class, they are entitled to the following relief:

(1)  Before the end of the Claims Submission Period a Claimant may submit a Claim by mailing or electronically submitting a statement under penalty of perjury, to an address to be set up by the Claims Administrator, a Claim Form declaring that it was an indirect purchaser of Food Service Equipment Component Hardware, and setting forth the following: the Claimant's name, address and telephone number, and e-mail address if available; the type of equipment or component purchased and its price; and the month and year in which it was purchased.  The statement must also provide a valid address to which the Claims Administrator will mail the refund, subject to confirmation as long as funds remain available as set forth below.

(2)  A Claimant who submits a Claim may submit a claim for refund calculated based on the amount it paid for the eligible hardware products submitted by a Claimant, or 1.4% of the amount paid for certain listed food service equipment if the hardware component was built into such food service equipment.[1]  This list of qualifying products will be made available at www.kasonCHGsettlement.com/productlist.

---

[1]  1.4% represents an estimated average, derived for settlement purposes only, of the percentage of the cost of Food Service Equipment Hardware incorporated into relevant food service equipment.  Crowder Decl., ¶ 6.

(3) Upon the Settlement Effective Date, the Claims Administrator will provide each eligible Claim by Claimants with a cash refund out of the net settlement fund, which will consist of $720,000 less fees, expenses and distribution costs, as described below. If the amount of claims exceeds this settlement fund amount, such claims shall be prorated pursuant to the Plan of Allocation attached as Ex. D to the Settlement Agreement.

(4) All costs and expenses of class notice and administration of Claims shall be paid or borne by Defendants, as well as legal fees and amounts to be paid to the class representative, paid out of the $720,000 fund.[2]

(5) Counsel for the parties have also agreed to the form of an injunction prohibiting certain practices and requiring corporate-wide personnel training. This injunctive relief shall be in place for period of five years from the Settlement Effective Date. *See* Settlement Agreement, Ex. E.

In return for these benefits, the claims of all members of the Class against Defendants arising out of the allegations in the operative Complaint will be released. All released parties shall also release any claims that may be asserted against the parties or their counsel arising out of the initiation, prosecution, or resolution of this action.

This settlement is within the range of possible approval, as it reflects reimbursement of all or a significant portion of the alleged overcharges Plaintiff contends Class members may have paid as a result of the customer allocation conspiracy alleged in the Complaint during the Class Period. Crowder Decl., ¶¶6-7. Also, the settlement bears a reasonable relationship to the relief obtained in the *In Re Food Service Direct Purchaser Litigation*, Case No. 1:10-cv-01849-WSD (N.D. Ga., Order dated Dec. 28, 2011), which settled for $1.8 million in cash and $6.9 million in total relief. Crowder Decl., ¶7. The monetary benefits of this settlement meet or equal other

---

[2] At an appropriate time Class counsel will also request the Court approve reimbursement of their attorneys' fees and expenses for prosecuting this action in the amount of 30% of the Settlement Fund plus costs, and $2,500 to the class representative, John Rigo. Although the facts will be set forth in greater detail in connection with the Final Settlement Hearing, these fees fall within the range of reasonable fees based on a percentage and lodestar/multiplier approach. Crowder Decl., ¶11.

settlements that courts found bore a reasonable relationship to a direct purchaser antitrust settlement. *See In Re First Data Bank*, 205 F.R.D. 408, 412-13 (D.D.C. 2002) (awarding direct purchasers settlement of $24 million and providing $2.9 million for indirect purchasers while noting the "complexities and uncertainties" of indirect purchasers' case); *Compare In re Vitamins Antitrust Litig.,* 2001 U.S. Dist. LEXIS 25067 (D.D.C. 2001); *In re Vitamins Cases*, 107 Cal.App.4th 820, 825 (2003) (damages in direct antitrust were $325 million; court approved settlement in indirect action for $34 and $42 million, consisting of *cy pres* payments); *In re Plastic Additives Antitrust Litigation*, Case No. 2:05-md-01684-LOD (E.D. Pa. Dec. 21, 2011) (approving settlement of indirect relative to 10% of value of settlement to direct).

In addition to direct monetary benefits, the settlement provides additional benefits to Class members through potential *cy pres* distribution of any unpaid residual and injunctive relief. Non- direct monetary relief can be considered adequate as a means for allocating damages to an indirect purchaser, and a means to balance a nationwide settlement where plaintiffs from all states can participate. *In re Cardizem Antitrust Lit.*, 218 F.R.D. 508, 529 (E.D. Mich. 2003); *In re Warfarin Sodium Antitrust Lit.*, 212 F.R.D. 231, 260 (D. Del. 2002) (holding that, even if some states have differing remedies, it is still fair to apply the same recovery rate to all plaintiffs because the difference in expected recovery is speculative). Finally, the injunctive relief obtained by Plaintiffs flows through the Sherman Antitrust Act, which states "the several district courts of the United States are invested with jurisdiction to prevent and restrain violations of the Sherman Act." 15 U.S.C. §4.

### III.

### CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES AND THE FORM OF CLASS NOTICE IS APPROPRIATE

As part of the Preliminary Approval Order, this Court is also requested to enter an Order conditionally certifying a class for settlement purposes only, defined as follows:

> All persons or entities (except those provided under the Settlement Agreement), including, but not limited to, individuals, companies, corporations, partnerships, joint ventures, agents, principals, and employees, who purchased Food Service

1  Equipment Component Hardware or food service equipment that incorporated
2  Food Service Equipment Component Hardware anywhere in the United States
3  from a person or entity other than the Defendants from February 1, 2004, through
4  February 11, 2008.

5  The phrase "Food Service Equipment Component Hardware" is defined in turn to apply
6  to hardware originally "sold by Defendants in the Action, or any alleged co-conspirator from
7  February 1, 2004, through February 11, 2009."

8  Provisional certification of the above class definition is appropriate for settlement
9  purposes based upon the allegations of the Complaint, the papers submitted to the Court, and the
10 accompanying Crowder Decl., ¶¶8-10, which collectively is sufficient to allow the Court to make
11 an informed judgment on each of the Fed. R. Civ. P. Rule 23 requirements for settlement
12 purposes. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1014 (9th Cir. 1998).

13 As the Class is defined, the primary factual issues for settlement, *i.e.*, whether such
14 amounts should be refunded and whether this settlement is a fair compromise of such claims, are
15 common to all of the Class members and do not create any manageability issues for settlement
16 purposes. Crowder Decl., ¶¶8-10.

17 **A.     The Form of Class Notice is Appropriate**

18 The purpose of class notice in the context of a settlement is to give Class members
19 sufficient information about the case to decide whether to accept the benefits offered, opt out and
20 pursue their own remedies, or object to the settlement. *Torrisi v. Tuscon Electric Power Co.,* 8
21 F.3d 1370, 1374-75 (9th Cir. 1993). The proposed class notice program is set forth below:

22 As set forth in § D.2 of the Settlement Agreement, no later than 14 days after the entry of
23 the Preliminary Approval Order, the claims administrator competitively selected and to be
24 appointed by the Court in that Order (Kurtzman Carson Consultants ["KCC"], Crowder Decl., ¶
25 11) shall undertake the following actions:

26 1. KCC will create a settlement website through the domain
27 www.kasonCHGsettlement.com, which will provide access to a claim form, the full Settlement
28 Notice, the Complaint, and other relevant settlement documents. Crowder Decl., ¶¶12-13, Ex. 3.

1   The claims submission period will also be contained on that website. The website will be
2   operational starting 14 days after the entry of the Preliminary Approval Order and continuing
3   until the end of the Claims Submission Period. The claims administrator will also establish a
4   dedicated, toll-free telephone number that Class members can call to hear information regarding
5   the settlement, including the status of the claims submission period. This toll-free number will
6   also be available 14 days after the entry of the Preliminary Approval Order through the end of
7   the Claims Submission Period. Counsel shall review and have an opportunity to object to any
8   voice prompt recordings or scripts prior to their use on this toll-free number; should the parties
9   not be able to immediately resolve their differences, the parties agree to submit the dispute to the
10  Magistrate Judge Bartick for resolution.

11   2.   KCC shall also arrange to publish the Summary Notice in the form substantially
12  similar to the proposed form attached as Exhibit C to the Settlement Agreement as a national
13  press release via PR Newswire or similar entity (see Ex. F), and one time in the following
14  publications: *Nation's Restaurant News, Restaurant Hospitality, Food Service Director, Food
15  Management, Food Service Equipment & Supplies,* and *Food Service Equipment Reports*. This
16  Summary Notice provides a link to the above settlement website that will contain detailed
17  information about this action and the settlement.

18   3.   KCC shall also disseminate to all businesses that the parties can reasonably
19  identify that might be qualified to participate in this settlement, a notice in a form substantially
20  similar to the Summary Notice. This notice will also provide a link to a settlement website.

21   4.   The full Class Notice (Ex. B to the Settlement Agreement) will be available on
22  the settlement website identified above. It describes in simple language the details of the
23  settlement consideration and the relative positions of the parties, the timing of the settlement, the
24  claims at issue, the Class members' options, the implications of remaining in the Class, and
25  information on how to contact Class Counsel or learn more information about the settlement.
26  This Class Notice is modeled after the form class notices available on the Federal Judicial
27  Center's website, www.fjc.gov.
28  / / /

This settlement notice program is intended to provide the best practicable notice in light of the information reasonably available to the parties. Crowder Decl., ¶ 12. It is thus "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950); MCL 4th, §21.311 ("many courts include the Internet as a component of class certification and class settlement notice programs."). The form of the notice program is thus appropriate under Fed. R. Civ. P. 23(c)(2) and due process, and therefore should be approved by this Court.

Notice of this settlement is also being provided to state and federal officials in accordance with the requirements of CAFA, pursuant to 28 U.S.C. § 1715(a) and (b), which requires appropriate state and federal officials to be provided with the Complaint (or information on how to access it), the Settlement Agreement and proposed class notices, these papers, and information on the composition of the Class.

### B. Dates for the Preliminary Approval Order

Under the schedule proposed to the Court by the parties, the Final Settlement Hearing will occur in January, 2013. Such a schedule is appropriate and consistent with the law on this subject. *See, e.g., Torrisi*, 8 F.3d at 1375 (notice given to class members 31 days before deadline to object and 45 days before final approval hearing; court had "no difficulty concluding notice was timely"); *In re BankAmerica Corp. Securities Litigation,* 210 F.R.D. 694, 708 (E.D. Mo. 2002) (holding 28 days notice period adequate for objections in nationwide securities class action); *Miller v. Republic Nat'l Life Ins. Co.,* 559 F.2d 426, 430 (5th Cir. 1977) (nationwide class action case, holding a period of "almost four weeks between the mailing of the notices and the settlement hearing" was adequate time); *Grunin v. Int'l House of Pancakes,* 513 F.2d 114, 120-121 (8th Cir. 1975) (nineteen days notice was enough time to object). It is also consistent with the requirements of 28 U.S.C. § 1715(d), which requires appropriate federal and state officials to be given 90 days' notice of this settlement.

If the Court signs the Preliminary Approval Order submitted herewith and the Order is entered by September 26, 2012, the following dates should be approved:

| | |
|---|---:|
| Last Date for Claims Administrator to Complete Notice Program: | November 15, 2012 |
| Parties to Submit Papers in Support of the Settlement: | December 3, 2012 |
| Deadline for filing Objections and Notices of Intention to Appear | December 17, 2012 |
| Deadline For Submitting Requests for Exclusion: | December 17, 2012 |
| Deadline for Reply In Support of Final Approval: | December 28, 2012 |
| Final Approval Hearing: | January 7, 2013 |
| Deadline for Submission of Proofs of Claim: | April 15, 2013 |

## IV.

## **CONCLUSION**

Based on the foregoing, the parties jointly request the Court enter a schedule consistent with the above by executing the Preliminary Approval Order, submitted herewith.

Dated:  September 4, 2012             THE CONSUMER LAW GROUP

By:   /s/ Alan M. Mansfield
        Alan M. Mansfield
        alan@clgca.com
10200 Willow Creek Rd., Suite 160
San Diego, CA 92131
Tel: (619) 308-5034
Fax: (888) 341-5048

EMERSON POYNTER LLP
Scott E. Poynter (AR 90077)
scott@emersonpoynter.com
Christopher D. Jennings (AR 2006306)
cjennings@emersonpoynter.com
William T. Crowder (AR 2003138)
wcrowder@emersonpoynter.com
The Museum Center
500 President Clinton Ave., Ste. 305
Little Rock, Arkansas 72201
Tel: 501-907-2555
Fax: 501-907-2556

John G. Emerson (TX 06602600)
jemerson@emersonpoynter.com
830 Apollo Lane
Houston, TX 77058
Tel: (281) 488-8854
Fax: (281) 488-8867

Attorneys for Plaintiff